Robert L. Stephens, Jr.
SOUTHSIDE LAW CENTER
2910 Minnesota Avenue
P.O. Box 1438
Billings, MT 59103-1438
(406) 245-6182
Fax: (406) 259-9475
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| RANDY BONOGOFSKY, | ) | Cause No. CV 08-32-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| BIG HORN COUNTY SHERIFF'S DEPARTMENT, AND JOHN DOES 1-49, EMPLOYEES OF BIG HORN COUNTY SHERIFF'S DEPARTMENT, AND JOHN DOES 13-24, COOPERATING LAW ENFORCEMENT PERSONNEL, IN THEIR OFFICIAL CAPACITIES AND AS AGENTS OF THE BIG HORN COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMES NOW the Plaintiff, and for his Amended Complaint, respectfully alleges as follows:

## THE PARTIES

1. During all times relevant, the Plaintiff resided in the town of Fort Smith in Big Horn County, Montana.

2. During all times relevant, the Defendant, Big Horn County Sheriff's Department, was a Department of Big Horn County, Montana, a political subdivision. At all times relevant, the individually named John Doe Defendants were employees of the Big Horn County Sheriff's Department, and/or Big Horn County, or were cooperating law enforcement agents from other agencies acting at the request and direction of the Big Horn County Sheriff's Department.

## JURISDICTION AND VENUE

3. All actions complained of herein occurred in Big Horn County, Montana, and all State claims are subject to the pendent jurisdiction of the United States District Court pursuant to 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

4. On the 25th day of July, 2005, the Plaintiff telephoned 911 Emergency at the Big Horn County Sheriff's Office to report that the Plaintiff's estranged wife, Sheila Marie Bonogofsky, had shot at him with a rifle. Ms. Bonogofsky was charged with Attempted Deliberate Homicide over the incident.

5. That as law enforcement arrived at the scene of the incident between the Plaintiff and his estranged wife, they ordered the Plaintiff out of his house with his hands up and onto the ground face down.

6. That the Plaintiff came out of his house wearing only a tee shirt and shorts, and advised law enforcement that he was only two weeks out of back surgery and that he was the victim and had called them because he needed help and was in fear of his life.

7. That the Plaintiff complied with the demand he lay on the ground, and that as he was laying on the ground, several law enforcement officers piled onto the Plaintiff's body for what they termed "restraint".

8. That after the officers got off the Plaintiff, a Big Horn County Sheriff's Office Deputy put his knee onto the Plaintiff's back and handcuffed him behind his back.

9. That Big Horn County Sheriff's personnel then lifted the Plaintiff up off the ground by the handcuffs.

10. That Big Horn County Sheriff's Deputies then placed the Plaintiff in the backseat of a patrol car, still handcuffed behind his back, and did not release him for over an hour.

11. That the Big Horn County Sheriff's Deputies had prior knowledge of the Plaintiff's earlier back surgery, and were also familiar with earlier threats made against Plaintiff by his then wife, Sheila, involving potential acts of violence against Plaintiff.

12. The Defendants had no probable cause to believe that the Plaintiff had committed an offense, and the arrest of the Defendant, and his detention, violated his rights to due process and his rights to be free from unlawful restraint and/or arrest under both the United States Constitution and the Constitution of the State of Montana.

13. That as a result of the excessive force used on the Plaintiff by the Big Horn County Sheriff's Deputies, the Plaintiff sustained severe injury to his back and subsequently had to have surgery to his lower back.

14.     That the Plaintiff has suffered mental, emotional and physical damage as a result of the excessive force used by the Defendants.  Defendants' actions have also caused Plaintiff permanent partial disability because of the continuing medical problems caused by the use of excessive force so soon after a surgery.

## COUNT I

## NEGLIGENCE

Plaintiff re-alleges paragraphs 1 through 14 as if here again at length set forth.

15.     That the Defendants were negligent in failing to use reasonable care based upon their actual knowledge of the Plaintiff's pre-existing back condition, and further, the Defendants were negligent in failing to investigate the circumstances and in using excessive force and causing injury to the Plaintiff when taking him in to custody.

## COUNT II

## STATE CONSTITUTIONAL VIOLATIONS (EXCESSIVE FORCE)

Plaintiff re-alleges paragraphs 1 through 14 as if here again at length set forth.

16.     That the Defendants, at all times referenced herein, were acting within the course and scope of their employment, and in their official capacities as either Big Horn County employees or Sheriff's Office employees and/or as cooperating law enforcement agents under the direction, and in furtherance of, the actions of the Big Horn County Sheriff's Office.

17.     That the conduct of the Defendants violated the due process and equal protection rights of the Plaintiff under Article II, Section 3, Article II, Section 4, Article II, Section 11 (right of a person to be secure in their person from unreasonable seizures),

Article II, Section 17 (deprivation of liberty without due process), and Article II, Section 34 (unenumerated rights, excessive force).

## COUNT III

### NEGLIGENCE *PER SE*

Plaintiff re-alleges paragraphs 1 through 14 as if here again at length set forth.

18.     That the Defendants, in effecting the warrantless arrest of the Plaintiff, violated the provisions of § 46-6-311(1) M.C.A. and § 46-6-311(2)(b) M.C.A., and failed to determine that the Plaintiff was a victim of Partner/Family Member Assault, and further, that there was no issue of mutual aggression justifying the arrest of the Plaintiff.

19.     That the Defendants violated the provisions of § 46-6-312 M.C.A. by effecting a warrantless arrest of the Plaintiff proximately resulting in injuries to Plaintiff.

## COUNT IV

### 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1 through 14 as if here again at length set forth.

20.     That the Defendants, and individuals, were at all time hereinafter relevant acting under color of State law, and pursuant to custom and policy of the Defendant, Big Horn County Sheriff's Office.

21.     That the individual Defendants were at all times hereinafter referenced acting within the course and scope of their employment and in their official capacity as law enforcement officers.

22.     That the conduct of the Defendants was violative of the due process and equal protection of the laws mandates as follows:

5

      a.      Arrest without probable cause and excessive force violated the Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution as applied by Title 42 U.S.C. § 1983.  The Federal Constitutional protections of the Plaintiff were abridged by the Defendants in the following particulars:

      a.      The initial arrest was without probable cause;

      b.      That the officers, after the unlawful arrest, used excessive force and unreasonable force to affect said arrest;

      c.      That the handcuffing, detention and further incarceration or detention of the Plaintiff constituted wrongful deprivation of liberty.

23.     That the Defendants, each of them, are jointly and severely liable for the harm proximately resulting from their conduct as described herein.

24.     That in addition to all further relief, the Plaintiff is entitled to litigation costs and expenses, including reasonable attorney's fees.

## DAMAGES

25.     That as a direct and proximate result of the conduct of the Defendants as aforesaid, the Plaintiff was required to undergo additional back surgery and incurred necessary hospitalization and healthcare expenses in excess of $50,000.00, and will continue to incur additional healthcare costs in the future.

26.     That as direct and proximate result of the conduct of the Defendants as aforesaid, the Plaintiff has sustained physical and emotional pain and suffering in the sum of $150,000.00.

27. That as a proximate result of the conduct of the Defendants as aforesaid, the Plaintiff will continue to suffer physical and emotional pain and suffering into the future.

28 That as a direct and proximate result of the conduct of the Defendants as aforesaid, the Plaintiff's pre-existing condition was exacerbated, and the Plaintiff has suffered a diminution in his ability to pursue an established life course of conduct to his damage in the sum of $50,000.00.

29. That as a direct and proximate result of the conduct of the Defendants as aforesaid, the Plaintiff has been rendered more susceptible to future serious consequences in the event of re-injury, and is at greater risk of increased disability in the event of re-injury all to his damage in the sum of $50,000.00.

30. That as a direct and proximate result of the conduct of the Defendants as aforesaid, the Plaintiff has been permanently partially disabled, and said disability will continue for the rest of Plaintiff's life all to his damage in the sum of $150,000.00.

31. That the conduct of the Defendants for violation of State and Federal Constitutional rights has resulted in damages in a sum not to exceed $50,000.00 separate and apart from all other damage claims of the Plaintiff.

32. That the Plaintiff is entitled to reasonable litigation expenses, including reasonable attorney's fees for violation of Plaintiff's State Constitutional rights, and further, is entitled to reasonable attorney's fees for violation of Plaintiff's Constitutional rights pursuant to Title 42 U.S.C. § 1985.

33. That the Plaintiff is entitled to pre-judgment interest on all claims for economic losses capable of being made certain by mathematical calculation.

34. That the Plaintiff has suffered a loss of earning capacity, including the loss of his ability to perform labor and services of a non-monetary nature in the sum as may be determined at time of trial.

35. That the Defendants are jointly and severely liable for all damages proximately caused, or which were a contributing factor to, the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. That the Plaintiff be awarded his necessary hospitalization and healthcare expenses in excess of $50,000.00, as well as future healthcare costs;

2. That the Plaintiff be awarded physical and emotional pain and suffering in the sum of $150,000.00;

3. That the Plaintiff be awarded for a diminution in his ability to pursue an established life course of conduct to his damage in the sum of $50,000.00;

4. That the Plaintiff be awarded for the serious consequences in the event of re-injury, and is at greater risk of increased disability in the event of re-injury all to his damage in the sum of $50,000.00;

5. That the Plaintiff be awarded for his permanently partially disablement, and said disability will continue for the rest of Plaintiff's life all to his damage in the sum of $150,000.00;

6. That the Plaintiff be awarded for violation of his Constitutional rights in a sum not to exceed $50,000.00 separate and apart from all other damage claims of the Plaintiff;

7. That the Plaintiff be awarded his necessary litigation expenses, including reasonable attorney's fees;

8. That the Plaintiff be awarded his pre-judgment interest on all claims for economic losses capable of being made certain by mathematical calculation;

9. That the Plaintiff be awarded for his loss of earning capacity, including the loss of his ability to perform labor and services of a non-monetary nature in the sum as may be determined at time of trial;

10. That the Court grant such additional relief as may be just, proper and equitable in the premises.

DONE and DATED this 13th day of June, 2008.

SOUTHSIDE LAW CENTER


 /s/ Robert L. Stephens, Jr.
Robert L. Stephens, Jr.
Southside Law Center
Attorney for Plaintiff