**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **RANDY BONOGOFSKY,**           ) | |
|                                                         ) | Cause No. CV-08-32-BLG-RFC |
|             Plaintiff,                         ) | |
|                                                         ) | |
|       v.                                          ) | ORDER |
|                                                         ) | REMANDING CASE |
| **BIG HORN COUNTY SHERIFF'S**  ) | |
| **DEPARTMENT, AND JOHN DOES**  ) | |
| **1-49,**                                        ) | |
|                                                         ) | |
|             Defendants.                     ) | |
| _____ ) | |

Plaintiff has filed a Motion to Transfer or Remand to State Court.  Defendants oppose said Motion.

General Federal Court jurisdiction is conferred under 28 U.S.C. § 1331, which provides that Federal District Courts have jurisdiction over all civil matter arising under the laws of the United States.  In its Order of June 1, 2010, this Court granted Defendants' Summary Judgment on Plaintiff's claimed civil rights violation under 42 U.S.C. § 1983.  This federal statute was the basis upon which Defendants removed the case from State District Court, where it had originally been filed.

1

It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court. *See Price v. PSA, Inc.*, 829 F.2d 871, 876 (9th Cir.1987), cert. denied, 486 U.S. 1006, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988); *Survival Systems v. U.S. District Court*, 825 F.2d 1416, 1419 (9th Cir.1987), cert. denied, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988). It is generally preferable for a district court to remand remaining pendent claims to state court. *Harrell v. Twentieth Century Insurance Company*, 934 F.2d 203, 205 (9th Cir. 1991). The Court must consider whether a remand will "best accommodate the values of economy, convenience, fairness, and comity." *Id*.

This Court finds that economy, convenience, fairness and comity weigh in favor of remand. Most of the witnesses in this case reside in Big Horn County, Montana. The cost of litigating this case in State District Court will be substantially less and will be more efficient and convenient for the parties. Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer or Remand [*doc. 64*] is **GRANTED**. Trial is this matter, set for October 4, 2010, is **VACATED**. This case is remanded back to Big Horn County State District Court.

DATED this 23rd day of August, 2010.

*/s/ Richard F. Cebull*_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE

2